UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMITILA PELAEZ RALON,<br><br>  Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE HOSPITAL,<br><br>  Defendant. | Case No. 23-cv-03344-JCS<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915**<br><br>Dkt. nos. 2, 3 |

## I. INTRODUCTION

Plaintiff, pro se, has applied to proceed in forma pauperis. Dkt. no. 2. The Court finds that Plaintiff is indigent and therefore GRANTS her application. The Court DENIES Plaintiff's request for appointment of counsel without prejudice. Dkt. no. 3. Litigants in civil cases do not have a right to appointed representation, and the resources available to appoint counsel in such cases are limited. At this early stage of the case, Plaintiff has not shown that this case warrants appointment of counsel. Plaintiff may renew her request at a later stage of the case.

Having granted Plaintiff's request to proceed in forma pauperis, the Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than August 9, 2023.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff has filed a form complaint in which she asserts a claim for violation of Title VI of the Civil Rights Act of 1964. In the Complaint, she alleges that she went to Kaiser Permanente Hospital in San Rafael, California for a scheduled surgery and that "without [c]ause nor reason or explanation [she] was EXPELLED with [her] Authorized Representative Mr. Selomi M. Villalta[.]" Compl. at 4. According to Plaintiff, they "both got kicked out from the Waiting Room, the building and property to the street by Kaiser Permanente personnel." *Id.*

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); see also *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing

2

*Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Discussion

To state a claim for Title VI discrimination, a plaintiff must allege that they were "subjected to discrimination" due to "race, color, or national origin," by a "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination." *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001))." In addition, a plaintiff seeking to assert a Title VI claim must allege that the defendant is receiving federal funding. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994), overruled in part on other grounds by *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir.2001).

Plaintiff here does not allege that she was expelled from the hospital as a result of intentional discrimination based on her race, color or national origin. Nor does she allege that Kaiser Permanente Hospital in San Rafael, California, is a recipient of federal finding. Therefore, she has failed to state a claim for violation of Title VI.

3

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed in forma pauperis is GRANTED and her motion for appointment of counsel is DENIED. Further, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by **August 9, 2023**. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (C-23-3344) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: July 20, 2023

JOSEPH C. SPERO
United States Magistrate Judge