United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMITILA PELAEZ RALON,<br><br>          Plaintiff,<br><br>     v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>          Defendants. | Case No.  23-cv-03344-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 55 |

## I.      INTRODUCTION

Plaintiff has filed a Motion for Leave to File Third Amended Complaint ("Motion") and Defendants have filed a response.  The Motion is suitable for determination without oral argument.  Civ. L.R. 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

## II.     BACKGROUND

On February 26, 2024, Plaintiff filed the second amended complaint ("SAC"), which is the operative complaint in the case.  In it, she sues Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals ("Kaiser") under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  She asserts that Kaiser discriminated against her on the basis or race and national origin when Kaiser doctor Rana Tabrizi removed only part of a breast tumor on March 27, 2023 and on May 3, 2023 when Dr. Tabrizi allegedly "expelled" Plaintiff from the surgery waiting area when she was waiting for breast surgery.  Documents attached to the SAC as exhibits appear to be paperwork associated with procedures that were performed on those two dates, namely, a lumpectomy on March 27, 2023 and an excision on May 3, 2023.

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

1        The Motion is difficult to follow; some of the exhibits in the documents Plaintiff has filed

2  appear to be exhibits to the Motion while others appear to be exhibits to the proposed third

3  amended complaint ("TAC"), which is itself an exhibit.  As best the Court can make out, Plaintiff

4  seeks to add Dr. Tabrizi as a defendant, along with two other doctors (Dr. Odele and Dr. Le), who

5  appear to have ordered a mammogram and breast ultrasound or interpreted the results of those

6  tests on July 18, 2024.  *See* dkt. no. 55 at ECF pp. 17-23 ("Exhibit 3").  Although Exhibit 3 states

7  that these tests revealed "no signs of breast cancer", Plaintiff alleges that her tumor was not fully

8  removed, that it has metastasized and become cancerous, and that the cancer is now travelling in

9  her bloodstream.  She seeks to assert claims against the three doctors for race discrimination under

10  Title VI.  She also seeks to "add a medical record" from February 1, 2020.  Dkt. no. 55 at ECF p.

11  4.

12        In a separate document that is included with the Motion papers, Plaintiff states that she

13  "rejects all questions" from Kaiser's lawyers in Kaiser's Request for Production of Documents,

14  Set One, Interrogatories, Set One, and Requests for Admission[s], Set One.  Dkt. no, 55 at ECF p.

15  32.  It appears that she believes that all relevant documents and information are already in Kaiser's

16  possession. *See id.* (stating that "all my source of information is down there").

17  **III.    ANALYSIS**

18      **A.   Legal Standards**

19        After a party has amended a pleading once as a matter of course, it may only amend further

20  after obtaining leave of the court, or by consent of the adverse party. Fed.R.Civ.P. 15(a).

21  Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires."

22  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*.,

23  244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d

24  1074, 1079 (9th Cir. 1990)).   However, leave to amend should not be "granted automatically."

25  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). Rather, courts in the Ninth

26  Circuit consider five factors in determining whether to grant leave to amend: 1) bad faith, 2) undue

27  delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend.

28  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d

United States District Court
Northern District of California

1051, 1055 (9th Cir.2009); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004).

It is well-established that "futility of amendment alone can justify the denial of a motion." *Ahlmeyer*, 555 F.3d at 1055; *Buckley*, 356 F.3d at 1077; *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim. *Miller v. Facebook, Inc*., No. C 10–00264 WHA, 2010 WL 2198204, at *3 (N.D. Cal. May 28, 2010).

Further, when a request for leave to amend requires the Court to change the schedule of the case, Rule 16(b)(4) of the Federal Rules of Civil Procedure comes into play. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Ninth Circuit explained in *Johnson*:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." [*Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)]. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc*., 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp*., 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co*., 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.

*Id.*

**B.    Discussion**

The Court finds that Plaintiff has not been diligent and on that basis DENIES the Motion. With the close of fact discovery set for December 31, 2024 and a dispositive motions filing deadline just a month later, Plaintiff waited nearly three months after receiving the test results on which she bases her proposed claims against Drs. Odele and Le to request leave to file a third amended complaint.  As to Dr. Tabrizi, Plaintiff offers no explanation for failing to name her as a defendant in her Second Amended Complaint, which was filed approximately eight months ago, even though her proposed claim against Dr. Tabrizi is based on conduct and events that occurred in 2023 and were included in the SAC. Were the Court to permit Plaintiff to file another amended complaint at this stage of the case, the dispositive motions deadlines the Court has set would have to be vacated and the pleading stage of the case would likely have to be extended to permit Kaiser to respond to Plaintiff's new allegations. Plaintiff has not offered any explanation for her delay in bringing the instant Motion, which the Court finds to be unreasonable.

Even if Plaintiff had been diligent, however, the Court would deny leave to amend as futile. Numerous courts in the Ninth Circuit have held that only an entity that is a recipient of federal funding – and not an individual – can be held liable under Title VI.  *See Sykes v. Las Vegas Metro. Police Dep't*, No. 221CV01479RFBDJA, 2022 WL 16702147, at *6 (D. Nev. Apr. 22, 2022), report and recommendation adopted as modified, No. 221CV01479RFBDJA, 2022 WL 4776384 (D. Nev. Sept. 30, 2022) ("a plaintiff pleading a Title VI claim can only seek recovery from the recipient of the federal funding, not individuals"); *Braunstein v. Arizona*, No. 2:06-CV-02726 JWS, 2008 WL 11447902, at *2 (D. Ariz. May 1, 2008) ("It appears that the Ninth Circuit has not yet addressed the issue, but other district courts in the Ninth Circuit have noted that § 2000d does not provide for relief against individual defendants"); *Travis v. Folsom Cordova Unified School Dist.*, No. 06-cv-2074, 2007 WL 529840, at *1 (E. D .Cal. 2007) (stating that a Title VI plaintiff "can only seek recovery from the recipient of the federal funding" and that therefore "individuals may not be held liable under Title VI"); *Alexander v. Underhill*, 416 F. Supp.2d 999, 1005 n.2 (D. Nev. 2006) (noting that "[p]laintiffs have agreed to dismiss the individual defendants and the request for punitive damages pursuant to Title VI as Title VI does

4

not provide for such relief"); *Clemes v. Del Norte County Unified School Dist.*, No. C-93-1912, 1994 WL 317546, at *5 (N.D. Cal. 1994) (finding "there is no reason to expect that suits against individual defendants would be appropriate in Title VI and Title IX suits when the Ninth Circuit has explicitly held that they are not in Title VII and ADEA suits"). Because the Court finds no authority that suggests that the three individuals Plaintiff seeks to add are proper defendants, the Court finds that justice does not require that Plaintiff be given leave to amend.

IV.    **CONCLUSION**

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2024

JOSEPH C. SPERO
United States Magistrate Judge