UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMITILA PELAEZ RALON,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03344-JCS<br><br>**ORDER RE KAISER DISCOVERY LETTER**<br><br>Re: Dkt. No. 61 |

The Court is in receipt of Kaiser's discovery letter (dkt. no. 61) ("Letter"). This Court's Civil Standing Orders establish a procedure for bringing discovery disputes to the Court's attention that requires the parties to meet and confer and file a joint letter setting forth the parties' positions. However, Kaiser represents that it has been unable to engage in that process because Plaintiff has refused to respond to telephone message and letters seeking to meet and confer and has failed to provide an email address to facilitate communication despite repeated requests by Kaiser's counsel. Because Kaiser asks the Court to quash a deposition subpoena for a deposition Plaintiff has noticed for Monday, December 16, 2024 – and because Plaintiff has already confirmed her refusal to respond to Kaiser's discovery requests – the Court finds that it is appropriate to immediately rule on Kaiser's request for relief.

First, under Civil Local Rule 3-4(a)(1), the first page of any filing by a pro se party must list the following information: "name, address, telephone number, and email address of the party." Plaintiff has not supplied an email address to Kaiser or listed one on her filings. Accordingly, no later than **December 20, 2024,** Plaintiff shall file with the Court either 1) a notification listing her

email address; or 2) an affidavit, sworn under penalty of perjury, stating that she does not have an email address; or 2) an affidavit, sworn under penalty of perjury, stating that she does not have an email account and/or that she does not have access to email.

Second, Plaintiff has refused to respond to Kaiser's Interrogatories, Set One; Requests for Production, Set One; and Requests for Admission, Set One (collectively, "Set One Discovery"), which were served on Plaintiff on September 24, 2024. Letter at 2; *see also* dkt. no. 55 at ECF p. 32 (statement by Plaintiff that she "reject[s]" these discovery requests because they are "not related to Kaiser Foundation Hospitals medical records, Office visits, appointments from February 1, 2020 to today, all into 1033 Third Street, San Rafael, CA 94901" and because "all my source of information is down there"). As stated above, she also refused to meet and confer regarding her failure to respond, in violation of the Court's Civil Standing Orders. While Plaintiff may believe that she has fulfilled her discovery obligations by verbally authorizing Kaiser's counsel to obtain and review her Kaiser medical records from 2020 to the present, *see* dkt. no. 52 (9/18/24 case management conference minutes), that is not the case. Notwithstanding her verbal authorization, Plaintiff is bound by the Federal Rules of Civil Procedure, the Civil Local Rules and this Court's Civil Standing Order. Accordingly, Plaintiff is **ORDERED** to respond to Kaiser's Set One Discovery no later than **December 27, 2024.**

Third, Kaiser has noticed Plaintiff's deposition for December 23, 2024 at 10:00 a.m. at 516 16th Street, Oakland, CA 94612. That date was set by Kaiser on November 20, 2023, more than 30 days before the deposition date, after Kaiser was unable to meet and confer with Plaintiff about scheduling of her deposition. Plaintiff acknowledge the date and time of the deposition in a prior filing, dkt. no. 60 at ECF p. 2, and has not raised any objection. Accordingly, Plaintiff is **ORDERED** to attend the deposition noticed for December 23, 2024.

Finally, Plaintiff's deposition subpoena seeking to depose Kaiser and various Kaiser employees on December 16, 2024, *see* Letter, Ex. A ("Subpoena"), is **QUASHED.** The Subpoena is defective in numerous respects. First, Plaintiff did not meet and confer with Kaiser to schedule the deposition and noticed the deposition for less than 30 days after she served the Subpoena on Kaiser, violating the "reasonable" notice requirement of Rule 30(b)(1) of the Federal Rules of Civil Procedure and Paragraph 16 of the Court's Civil Standing Order's. Second, in addition to

seeking to depose three doctors and three unnamed Kaiser employees who Plaintiff contends are shown on security videos that are not in her possession, Plaintiff seeks to depose the two entity defendants, Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals. Depositions of organizations are governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure, which requires that the party issuing the subpoena "describe with reasonable particularity the matters for examination" and further, that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed.R.Civ. P. 30(b)(6). Plaintiff has not complied with those requirements.

In addition, the deposition subpoena states that the deposition will be recorded at Kaiser's expense, but under Rule 30(b)(3)(A), "[t]he noticing party bears the recording costs." Fed.R.Civ.P. 30(b)(3)(A). Likewise, to the extent that the Subpoena states that Kaiser will bear the cost of an interpreter for the deposition, the Subpoena is improper as it is Plaintiff's responsibility to cover her own litigation expenses. *See Matter of Majestic Blue Fisheries, LLC,* No. CV 11-00032, 2013 WL 12233715, at *1 (D. Guam June 21, 2013) ("With respect to deposition interpreter fees, the party seeking discovery 'must bear the cost of having [his] questions translated into the native language of the deponents and having the deponents' answers translated into English.'") (quoting E*. Boston Ecumenical Cmty. Council, Inc. v. Mastrorillo*, 124 F.R.D. 14, 15 (D. Mass. 1989)).

Plaintiff may renotice the deposition and requests for documents so long as she complies with this Court's Civil Standing Orders and the Federal Rules of Civil Procedure, including her obligation to meet and confer in good faith with Kaiser's counsel regarding scheduling, logistics of recording and interpreting the deposition, and the scope of the Rule 30(b)(6) depositions. To that end, Plaintiff is **required to meet and confer with Kaiser's counsel, either in person or via Zoom or a comparable remote platform**, **no later than December 20, 2024.** Plaintiff may renotice the deposition for a date agreed to by the parties, or in the event the parties cannot agree, no sooner than 30 days after the renoticed deposition subpoena is served.

**The Court cautions Plaintiff that failure to comply with her discovery obligations under the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of**

3

**California and this Court's Civil Standing Orders may result in dismissal of this case, in its entirety, with prejudice.**

**IT IS SO ORDERED.**

Dated: December 13, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge