UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMITILA PELAEZ RALON,<br>   Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br>   Defendants. | Case No. 23-cv-03344-JCS<br><br>**ORDER RE DISCOVERY LETTER**<br>Re: Dkt. No. 64 |

Kaiser has submitted a discovery letter informing the Court that Plaintiff has not complied with its December 13, 2024 Order for Plaintiff to respond to Kaiser's first set of discovery requests. It has further informed the Court that Mr. Selomi M. Villalta, who was scheduled to be deposed on January 2, 2025, appeared at the scheduled date and time but refused to go ahead with the deposition on the basis that the deposition notice was signed by counsel rather than the Court clerk. According to Kaiser, Villalta did not raise this objection until the day of the deposition and did not return the witness and mileage fees Kaiser had already paid him for the anticipated testimony.

The Court ORDERS that Plaintiff shall respond to Kaiser's first set of discovery requests by **January 22, 2025**. This extension of the deadline does not excuse Plaintiff's previous noncompliance with the Court's December 13, 2024 Order and the Court does not decide at this time whether Plaintiff's noncompliance up to the date of this Order warrants the imposition of evidentiary or monetary sanctions. The Court further orders that Mr. Villalta shall comply with Kaiser's deposition subpoena and that his deposition shall be completed no later than **January 22, 2025**.

By **January 29, 2025**, Kaiser may file a motion for sanctions, including monetary and

evidentiary sanctions, based on the alleged discovery misconduct discussed above.  To the extent that Kaiser seeks to impose monetary sanctions on Mr. Villalta, Kaiser should address the availability of such sanctions against third party witnesses.  Conversely, if Kaiser requests that monetary sanctions be awarded against Plaintiff based on Mr. Villalta's conduct, it should cite authority establishing that such an award is appropriate.

If such a motion is filed, Plaintiff's response shall be filed by **February 12, 2025.**  If Kaiser seeks an award of monetary sanctions directly against Mr. Villalta, he may file a separate response by the same date.  Kaiser's Reply shall be filed by **February 19, 2025**.   Upon reviewing the parties' briefs, the Court will decide whether a hearing is required.

Finally, the Court extends the dispositive motion filing deadline to **March 19, 2025**  in order to allow sufficient time to resolve any issues relating to evidentiary sanctions that may impact the evidence that is admissible on summary judgment.

**IT IS SO ORDERED.**

Dated:  January 8, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge

2