1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DOMITILA PELAEZ RALON,                    Case No.  23-cv-03344-JCS

              Plaintiff,
8
                                               **ORDER GRANTING IN PART AND**
9        v.                                    **DENYING IN PART MOTION FOR**
                                               **SANCTIONS**
10   KAISER FOUNDATION HEALTH PLAN,
     INC., et al.,                             Re: Dkt. No. 77
11
              Defendants.
12

13   **I.      INTRODUCTION**

14          Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

15   (collectively, "Kaiser") bring a Motion for Issue and Evidentiary Sanctions for Failure to Respond

16   to Written Discovery and Comply with Court Orders ("Motion"). The Court finds that the Motion

17   is suitable for determination without oral argument.  *See* Civ.L.R. 7-1(b).  For the reasons stated

18   below, the Motion is GRANTED in part and DENIED in part.[1]

19   **II.     BACKGROUND**

20          At a Case Management Conference held on September 18, 2024, Plaintiff, on the record,

21   gave "her verbal authorization for Kaiser's counsel, Justin Sha, to review her medical records from

22   2020 to present and produce copies of the medical records" to Plaintiff.  Dkt. no. 52 (September

23   18, 2024 Case Management Conference minutes). On September 24, 2024, Kaiser served

24   Interrogatories, Requests for Production of Documents, and Requests for Admissions on Plaintiff.

25   Sha Decl. ¶ 2 & Exs. A (Interrogatories), B (Requests for Admissions), and C (Requests for

26   Production) (collectively, "the discovery requests"). Plaintiff's responses were due on October 28,

27   _____

28   [1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28
     U.S.C. § 636(c).

2024 but she did not respond by that date; nor did she respond to several communications by Kaiser's counsel in connection with the overdue responses.  *See* Sha Decl. ¶ 3 & Ex. D.  Instead, Plaintiff filed a letter with the Court on November 19, 2024 in which she stated that she had "complete[d] [her] . . . discovery with [her] medical record from 2020, with [her] verbal authorization to Mr. Sha before this Federal Court, [on] 9/18/24."  Dkt. no. 58.

On December 12, 2024, after Plaintiff refused to respond to Kaiser's discovery requests or to meet and confer about the dispute, Kaiser filed a letter seeking the Court's assistance.  Dkt. no. 61.  On December 13, 2024, the Court ordered that Plaintiff respond to Kaiser's written discovery by December 27, 2024. Dkt. no. 62. In its Order, the Court explained:

> While Plaintiff may believe that she has fulfilled her discovery obligations by verbally authorizing Kaiser's counsel to obtain and review her Kaiser medical records from 2020 to the present, see dkt. no. 52 (9/18/24 case management conference minutes), that is not the case. Notwithstanding her verbal authorization, Plaintiff is bound by the Federal Rules of Civil Procedure, the Civil Local Rules and this Court's Civil Standing Order.

Dkt. no. 62.

Plaintiff did not comply with the Court's Order.  Sha Decl. ¶ 5. On January 8, 2025, the Court extended Plaintiff's deadline to produce written discovery to January 22, 2025.  Dkt. no. 65.  Plaintiff again failed to comply.  Sha Decl. ¶ 6. To date, she has not complied with Kaiser's discovery requests.

In the Motion, Kaiser asks the Court to award issue and evidentiary sanctions against Plaintiff pursuant to Rule 37 of the Federal Rules of Civil Procedure based on her failure to comply with the Court's discovery orders and fulfill her discovery obligations.  In particular, Kaiser requests that the Court impose the following sanctions:

1) "[T]he Court should order as established that Plaintiff is unaware of any facts, documents, or persons with information in support of the claims due to Plaintiff's failure to respond to Interrogatories Nos. 1, 2, and 3 and comply with the Court's Discovery Orders pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). In the alternative, the establishment of adverse inferences against Plaintiff with respect to those issues should be ordered under Fed. R. Civ. P. 37(b)(2)(A)."

2) "Plaintiff should be prohibited from introducing in evidence any testimony, facts, or other information regarding matters requested by the Interrogatories and Requests for Admissions due to Plaintiff's failure to respond to those requests and comply with the Court's Discovery Orders pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)."

3) "[T]he matters at-issue in the Requests for Admissions should be deemed admitted due to Plaintiff's failure to serve answers or objections pursuant to Fed. R. Civ. P. § 36(a)(3) and due to Plaintiff's subsequent failures to provide answers by either of the two Court-ordered deadlines pursuant to Fed. R. Civ. P. § 37(b)(2)(A)."

Motion at 2.

Plaintiff filed three declarations in response to the Motion. *See* dkt. nos. 80, 81 and 82. The documents do not, however, address the arguments in the Motion or the legal standards that govern the award of discovery sanctions. Nor does Ralon dispute that she has not responded to Kaiser's written discovery requests or complied with the Court's orders to do so.

## III.    ANALYSIS

### A.    Legal Standards

Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order. Fed.R.Civ.P. 37(b). In particular, Rule 37(b)(2) provides, in relevant part, as follows:

> (2) **Sanctions in the District Where the Action Is Pending.**
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)    striking pleadings in whole or in part;

1    (iv)    staying further proceedings until the order is obeyed;

2

3    (v)    dismissing the action or proceeding in whole or in part;

4

5    (vi)    rendering a default judgment against the disobedient party; or

6    (vii)    treating as contempt of court the failure to obey any order
             except an order to submit to a physical or mental examination.

7    Fed.R.Civ. P. 37(b)(2)(A).

8        "Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to

9    obey a discovery order as long as the established issue bears a reasonable relationship to the

10   subject of discovery that was frustrated by sanctionable conduct."  *Navellier v. Sletten*, 262 F.3d

11   923, 947 (9th Cir. 2001) (citing *Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*,

12   456 U.S. 694, 707 (1982)).

13       "The decision to impose sanctions under Rule 37 is left to the court's discretion."

14   *Goldman v. Alhadeff*, 131 F.R.D. 188, 191 (W.D. Wash.), on reconsideration sub nom. *Fischer v.

15   Alhadeff*, 131 F.R.D. 585 (W.D. Wash. 1990) (citing *National Hockey League v. Metropolitan

16   Hockey Club, Inc.*, 427 U.S. 639 (1976); *Forro Precision, Inc. v. IBM*, 673 F.2d 1045, 1053 (9th

17   Cir. 1982)).  The Ninth Circuit "encourage[s]" courts to exercise that discretion to impose

18   sanctions where "it is determined that counsel or a party has acted willfully or in bad faith in

19   failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant

20   disregard of those rules or orders."  *G-K Properties v. Redevelopment Agency of City of San Jose*,

21   577 F.2d 645, 647 (9th Cir. 1978) (finding that district court had acted properly under Rule

22   37(b)(2) when it dismissed case with prejudice based on plaintiff's failure to comply with

23   discovery orders).

24       In determining whether to impose sanctions under Rule 37(b)(2)(A), courts consider the

25   following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

26   need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public

27   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

28   sanctions." *In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (quoting *Rio Props.*,

United States District Court
Northern District of California

1    *Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002)).  "Since the 'first two of these

2    factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . .

3    sanction[,] . . . the key factors are prejudice and the availability of lesser sanctions.'"  *Id.*  (quoting

4    *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (internal quotation marks

5    omitted)).

6    **B.    Discussion**

7        The Court finds that Plaintiff has flagrantly violated its discovery orders (dkt. nos. 62 and

8    65) and that her refusal to cooperate with Kaiser or comply with the Court's orders has been

9    willful.  While the Court acknowledges that Plaintiff, as a pro se litigant, may not be well-versed

10    in the Federal Rules of Civil Procedure, the obligations at issue here are straightforward and were

11    clearly explained to her in the Court's December 13, 2024 Order.

12        Further, Plaintiff's failure to comply with the Court's discovery orders clearly prejudices

13    Kaiser by preventing it from preparing its case effectively.  *In re Heritage Bond Litig.*, 223 F.R.D.

14    at 530 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to

15    produce documents as ordered . . . is considered sufficient prejudice."); *Computer Task Grp., Inc.*

16    *v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (same)). Among other things, Plaintiff has failed to

17    respond to interrogatories and requests for admission aimed at determining the nature and scope of

18    Plaintiff's claims,[2] which will complicate Kaiser's efforts to obtain a dismissal at summary

19    judgment or at trial and also deprived it of the opportunity to effectively address the factual basis

20    for Plaintiff's claims at her deposition.

21        Moreover, Plaintiff's refusal to cooperate in discovery has caused delay and burdened the

22    Court, necessitating an extension of the deadline to file dispositive motions because of the need to

23    address Plaintiff's failure to comply and Kaiser's sanctions motion.  Thus, Plaintiff's conduct has

24    had an adverse impact on the Court's ability to manage its docket.

25        While the factors discussed above favor the imposition of sanctions, the Court must also

26

27    [2] In particular, Interrogatories 4 through 12 asked Plaintiff to describe the specific events where
she was subject to discrimination by Kaiser, who was involved, and how she was harmed.  Sha
28    Decl., Ex. A.  In addition, Requests for Admissions 1 and 2 ask Plaintiff to admit that she is not
asserting claims for negligence and medical malpractice.  *Id.*, Ex. B.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    consider whether the sanctions Kaiser requests are commensurate with the conduct at issue or if,

2    instead, there are last drastic sanctions that would be appropriate. With this question in mind, the

3    Court addresses the specific sanctions sought by Kaiser below.

4           **1.  Order "as established" that Plaintiff is unaware of any facts, documents, or**
           **persons with information in support of the claims due to Plaintiff's failure to**

5               **respond to Interrogatories Nos. 1, 2, and 3 or that Kaiser is entitled to**
           **adverse inferences**

6
7         Interrogatories 1-3 state as follows:

8           INTERROGATORY NO. 1:
       State all facts supporting YOUR claims asserted against the KAISER
       DEFENDANTS.

9

10          INTERROGATORY NO. 2:
       Identify all DOCUMENTS supporting YOUR claims asserted against
       the KAISER DEFENDANTS.

11

12          INTERROGATORY NO. 3:
       Identify all PERSONS with knowledge of facts supporting YOUR
       claims asserted against

13          the KAISER DEFENDANTS.

14   Sha Decl., Ex. A.

15        Kaiser asks the Court to consider "as established" "that Plaintiff is unaware of *any* facts,

16   documents, or persons with information in support of the claims due to Plaintiff's failure to

17   respond to Interrogatories Nos. 1, 2, and 3." Motion at 1 (emphasis added). The Court finds,

18   however, that the "as established" sanction is more appropriately applied where the "matters

19   embraced in the order" involve specific "designated facts."  *See* Fed.R.Civ.P. 37(b)(2)(A)(i).

20   Interrogatories 1-3 do not identify any specific facts but instead cast a wide net to obtain whatever

21   facts Plaintiff has in her possession related to her claims.  Thus, this sanction request amounts to a

22   request for terminating sanctions. However, as Kaiser has had an opportunity to depose Plaintiff

23   and has some documentary evidence in its possession (namely, Plaintiff's medical records), the

24   Court finds that this sanction is too drastic and that more targeted sanctions (discussed below) are

25   available. Likewise, it is unclear how any specific "adverse inference" would be drawn from these

26   broad interrogatories.  Therefore, the Court declines Kaiser's invitation to impose these "as

27   established" sanctions.

28

**2. Order prohibiting Plaintiff from introducing into evidence any testimony, facts, documents, or other information requested by the Interrogatories and Requests for Admissions and/or deeming facts admitted**

Kaiser also seeks sanctions under Rule 37(b)(2)(A)(ii), which "prohibit[s] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Further, it asks the Court to deem admitted all of the matters at issue in its requests for admission. The Court finds that the requested sanctions are appropriate as to some of Kaiser's discovery requests but too drastic as to others, as set forth below.

      a. Requests for Admissions

In Kaiser's first and second requests for admission, Kaiser asks Plaintiff to admit that she is not asserting a negligence or medical malpractice claim against Kaiser. Sha Decl., Ex. B. Neither of these claims is expressly asserted in the operative complaint. *See* Second Amended Complaint ("SAC"), dkt. no. 27. Yet due to the rambling nature of the allegations in the SAC, and Plaintiff's allegations that a Kaiser surgeon refused to remove a tumor from Plaintiff's breast that is still growing, it is not clear whether Plaintiff may also seek to assert claims for negligence and/or medical malpractice. Under these circumstance, a sanction prohibiting Plaintiff from introducing any evidence or argument in support of such claims is entirely proportionate to Plaintiff's conduct. No less drastic sanction will protect Kaiser from the prejudice that would arise were Plaintiff permitted to proceed with those claims without responding to Kaiser's discovery requests. Therefore, the Court orders that under Rule 37(b)(2)(A)(ii), Plaintiff may not assert claims for negligence or medical malpractice or introduce any evidence or argument to support such claims as a sanction for her failure to respond to these requests for admission.

Kaiser's Third Request for Admission asks Plaintiff to admit that Kaiser did not discriminate against her under federal law. Plaintiff's Title VI claim is the core of her case and has been since the outset of the case. Indeed, it is the *only* claim asserted in the operative complaint. Therefore, treating this matter as admitted would amount to imposing terminating sanctions. The Court finds that such a sanction is more drastic than necessary and therefore denies Kaiser's request to impose such a sanction.

Kaiser's Fourth Request for Admission asks Plaintiff to admit that she is unaware of any

facts, documents, or witnesses that support her claims against Kaiser.   Rather than deeming this matter admitted, as Kaiser requests, the Court finds that a less drastic sanction is sufficient to redress Plaintiff's failure to respond to this request for admission.  In particular, Plaintiff will be permitted to introduce any facts or witnesses that were expressly disclosed at her deposition as Plaintiff's failure to respond to this request for admission has not significantly prejudiced Kaiser as to such information. Plaintiff may also rely on any documents contained in the medical records that were produced to her by Kaiser.  On the other hand, she will not be permitted to rely on any facts, documents or witnesses that fall outside these limited exceptions as Kaiser would be severely prejudiced by her failure to respond to this request for admission as to those facts, documents and witnesses if the Court permitted Plaintiff to rely upon them on summary judgment or at trial.

Request for Admission No. 5 asks Plaintiff to admit that Kaiser has "encouraged [her] to continue to see and treat with [her] medical care providers."  As this request is narrowly tailored to address a specific fact, the Court finds that deeming this fact admitted is not excessively drastic and constitutes an appropriate sanction to redress the prejudice associated with failing to respond to this request.  Therefore, the Court will treat as admitted the fact that Kaiser has encouraged Plaintiff to continue to see and treat with her medical care providers, both on summary judgment and at trial.

Kaiser's Sixth and Seventh Requests for Admission ask Plaintiff to admit that no Kaiser employee caused her any harm in relation to the claims asserted in this case.  Granting the sanction sought by Kaiser as to these requests, like Kaiser's Third Request for Admission, would amount to imposing terminating sanctions.  To the extent Plaintiff would be precluded from offering testimony about the harm she experienced to which she testified at her deposition, the Court finds the requested sanction would be too drastic.  Instead, the Court imposes a narrower sanction.  In particular, Plaintiff will be deemed to have admitted that no Kaiser employee caused her harm in relation to the claims in this case *except* to the extent Plaintiff offered specific testimony at her deposition about harm that was caused to her by any Kaiser employee.

United States District Court
Northern District of California

b.   Interrogatories

In Kaiser's first interrogatory, it asks Plaintiff to "[s]tate all facts supporting [her] claims asserted against [Kaiser].  Sha Decl., Ex. A.  As discussed above, the Court finds that imposing the sanctions Kaiser requests under Rule 37(b)(2)(A)(i) as to this interrogatory would amount to terminating sanctions that are excessively drastic.  Likewise, precluding Plaintiff from introducing *any* facts to support her claim under Rule 37(b)(2)(A)(ii) is excessive in light of the fact that Plaintiff was deposed by Kaiser.  Therefore, the Court imposes a narrower sanction under Rule 37(b)(2)(A)(ii):  Plaintiff may not introduce any facts in support of her claim *except* for facts that she specifically disclosed in her deposition or which are contained in Kaiser's records produced in this case to Plaintiff

The Court reaches a similar conclusion as to Interrogatory No. 2, which asks Plaintiff to identify all documents supporting her claims against Kaiser. Rather than precluding Plaintiff from introducing *any* documents that support her claims against Kaiser, the Court finds that the appropriate sanction for failing to respond to this interrogatory is to preclude Plaintiff from introducing into evidence any document *except* for documents that were produced to Plaintiff by Kaiser.  This narrower sanction is less drastic than the one sought by Kaiser but will address the prejudice caused by Plaintiff's failure to respond to this interrogatory.  While Kaiser will not be prejudiced by Plaintiff's reliance on documents that are already in its possession, it could be severely prejudiced by Plaintiff's reliance on documents that she did not disclose to Kaiser as Kaiser did not have the opportunity to question Plaintiff about those documents at her deposition.

 Interrogatory No. 3 asks Plaintiff to identify all persons with knowledge of facts supporting her claims against Kaiser.  By failing to respond to this request, Plaintiff deprived Kaiser of the opportunity to discover facts that might have been helpful to its defense, including potential witnesses.  Therefore, an appropriate and proportionate sanction for failure to respond to this interrogatory is to preclude Plaintiff from offering any evidence or testimony from individuals who she did not identify in her deposition as having knowledge of facts supporting her claims, pursuant to Rule 37(b)(2)(A)(ii).

Interrogatory No. 4 asks Plaintiff to "[i]dentify each occasion, if any, when [she] received any

treatment, counselling, or any other care for injuries [she] allege[s] were caused by the events described in [her] Second Amended Complaint, by identifying the facility where [she] received treatment, any PERSON who provided [her] with the treatment, and when the treatment was provided." Plaintiff's failure to respond to this interrogatory will prejudice Kaiser to the extent that Plaintiff seeks to introduce evidence or testimony related to treatment, including the location of treatment and the caregiver involved, that she did not disclose in her deposition. Therefore, it is appropriate to sanction Plaintiff for her failure to respond to this interrogatory by prohibiting her from introducing any such evidence or testimony.

In Interrogatory Nos. Five through Eight, Kaiser asks Plaintiff to describe how she was harmed in connection with the four "events" described in her Second Amended Complaint. Plaintiff's failure to respond to these interrogatories will prejudice Kaiser to the extent that Plaintiff seeks to introduce evidence or testimony related any harm she alleges she experienced in connection with these four "events" that she did not disclose in her deposition. Therefore, it is appropriate to sanction Plaintiff for her failure to respond to this interrogatory by prohibiting her from introducing any such evidence or testimony.

Interrogatory No. 9 asks Plaintiff to identify all individuals working for Kaiser that she alleges caused her harm relating to the claims in this case. This interrogatory is the counterpart to Requests for Admission Numbers Eight and Nine and therefore, the Court finds that the same sanction for failure to respond is appropriate. In particular, Plaintiff will not be permitted to offer any evidence or testimony about any Kaiser employee who allegedly caused her harm *unless* 1) she offered specific testimony at her deposition about the harm that was caused to her by that Kaiser employee; and 2) the harm that is the subject of the testimony is the same as the harm about which she testified at her deposition.

In Interrogatory Nos. 10 and 11, Kaiser asks Plaintiff to describe all instances when she alleges Kaiser discriminated against her based on her race or national origin. By failing to respond to these interrogatories, Plaintiff deprived Kaiser of the opportunity to understand the scope of her Title VI claim and to determine whether Plaintiff intends to rely on conduct other than the conduct described in the complaint. To mitigate the prejudice Plaintiff has caused with respect to these

10

United States District Court
Northern District of California

1    interrogatories, the Court prohibits Plaintiff from introducing any evidence or offering testimony

2    relating to any incidents of alleged discrimination (whether based on race or national origin) that

3    are not described in the Second Amended Complaint with one exception: if Plaintiff offered clear

4    and specific testimony in her deposition that her federal claims for race or national origin

5    discrimination are based on particular incidents that were not included in her Second Amended

6    Complaint, she is not prohibited from relying on those incidents so long as the evidence or

7    testimony she seeks to introduce related to those incidents is not otherwise prohibited under this

8    Order.

9            In Interrogatory Nos. 12 and 13, Kaiser asks Plaintiff to state the "basis and the amount"

10   for any economic and non-economic damages she seeks. To the extent Plaintiff seeks to introduce

11   evidence or testimony as to the amount of these damages that was not disclosed by Plaintiff in her

12   deposition, Kaiser will be prejudiced. Accordingly, the Court concludes that an appropriate

13   sanction for Plaintiff's failure to respond to this interrogatory is the exclusion of all such evidence.

14                       c.  Requests for Production

15           Kaiser propounded a set of six document requests on Plaintiff, correlating with the

16   interrogatories and requests for admissions discussed above. Sha Decl., Ex. C. The Court need not

17   parse through each of these requests individually. Rather, the Court finds that exclusion of any

18   document that was not included in the documents Kaiser produced to Plaintiff is an appropriate

19   sanction under Rule 37(b)(2)(A)(ii) for Plaintiffs failure to Kaiser's requests for production of

20   documents and that no less drastic sanction will suffice to address the prejudice to Kaiser that

21   would result from permitting Plaintiff to rely on documents in her possession that she failed to

22   produce in discovery.

23

24

25

26

27

28

**IV.    CONCLUSION**

      For the reasons stated above, the Motion is GRANTED in part and DENIED in part. Pursuant to Rule 37(b)(2)(A), the Court imposes the sanctions set forth above based on Plaintiff's failure to comply with the Court's orders and to respond to Kaiser's discovery requests.

      **IT IS SO ORDERED.**

Dated:  March 17, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge